**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

IN RE: Gail E. Hayes                              Case No. 06-31090-DOT
                                                  Chapter 13
            Debtor

### MEMORANDUM OPINION AND ORDER

This matter is before the court on debtor's motion for continuation of the automatic stay

pursuant to 11 U.S.C. § 362(c)(3)(B).  A hearing was held on the motion May 31, 2006.  The

United States Trustee objected on the basis of debtor's filing history, alleging this chapter 13

filing constitutes a continuation of the abuse that led to debtors' immediately previous case being

dismissed. In addition, there was an objection by the secured creditor holding the mortgage on

debtor's residence. For reasons stated below, the court will deny debtor's motion to extend the

stay.

### Facts and Procedural History.

Debtor is no stranger to the bankruptcy court, the instant case being the fourth filing by

debtor since 2002. The three previous chapter 13 cases have been unsuccessful. The previous

case was dismissed in December of 2005. The present case was filed on May 5, 2006.

The chapter 13 petition filed by debtor indicates that unsecured debt is between

$100,000.00 and $500,000.00. The United States Trustee objected at hearing, arguing that

debtor's past filing history shows a lack of good faith inconsistent with the extension of the

automatic stay. CCO Mortgage Corporation, which holds the mortgage on debtor's residence,

also objected to an extension of the automatic stay, asserting that not only is this case debtor's

fourth filing, but that there is also a co-debtor filing with respect to the mortgage.

### Conclusions of Law.

Pursuant to the 2005 amendments to the Bankruptcy Code, in cases commenced on or

after October 17, 2005, the automatic stay terminates with respect to the debtor on the 30th day

after the filing of the case if debtor had a dismissed case pending within the preceding year. 11

U.S.C. § 362(c)(3)(A) (2006).  This Code section terminates the stay "with respect to any action

taken with respect to a debt or property securing such debt *or with respect to any lease*." Id.

(emphasis added).  Debtor's previous dismissed case was pending within one year of the later

filing, thus triggering termination of the stay under § 362(c)(3)(A) with respect to debtor's

current lease and any other property securing a debt of the debtor.

Upon notice and hearing on the motion of a party in interest, the court may continue the

stay as to any or all creditors upon a finding that the filing of the present case is in good faith as

to the creditors to be stayed. § 362(c)(3)(B). In certain circumstances, however, a case is

presumptively filed not in good faith.  See § 362(c)(3)(C).  A case is presumptively filed not in

good faith as to all creditors if "there has not been a substantial change in the financial or

personal affairs of the debtor since the dismissal of the next most previous case" or when there is

reason to conclude that the later case, if a chapter 7, will be concluded with a discharge. §

362(c)(3)(C)(i)(III)(aa). Additionally, a case is presumptively filed not in good faith as to any

creditor who sought relief from the stay "in a previous case in which the individual was a debtor

if, as of the date of dismissal of such case, that action … had been resolved by terminating,

conditioning, or limiting the stay as to actions of such creditor."  § 362(c)(3)(C)(ii).

In making the good faith determination, the court must consider whether this presumption

is applicable, and if so, whether the moving party has rebutted the presumption with clear and

convincing evidence to the contrary.

Debtor has presented scant evidence as to her financial circumstances and whether they have improved in the five months since the dismissal of her last chapter 13 case. The court has not been presented with convincing evidence that debtor's circumstances have changed from the previous case. This evidence is insufficient to meet § 362(c)(3)(C)'s requirement of clear and convincing evidence to rebut the presumptive bad faith filing. In sum, the court finds debtor has not met the Code's onerous burden and finds that the case was not filed in good faith. Accordingly,

**IT IS ORDERED** that the continuation of the automatic stay is **DENIED** as to all creditors for the pendency of debtors' chapter 13 case.

/s/ Douglas O. Tice Jr.

DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

**Copies to:**

**Andrew George Adams, III, Esq.**
100 E Main Street
Richmond, VA 23219

**Carl M. Bates, trustee**
P. O. Box 1819
Richmond, VA 23218

Office of the U. S. Trustee
600 E. Main St., Suite 301
Richmond, VA 23219

**Suzanne E. Wade**
Wade and Wade, P.L.C.
P. O. Box 6357
Richmond, VA 23230